## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH PRICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv–1166−NJR** |
| | ) | |
| **JASON REDNOUR,** | ) | |
| **JOHN DOE #1,** | ) | |
| **JEANNETTE COWAN,** | ) | |
| **JOHN DOE #2,** | ) | |
| **DEBBIE KNAUR, and** | ) | |
| **TERRY ANDERSON** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Joseph Price, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks nominal damages, punitive damages, and injunctive relief. He also seeks a preliminary injunction. (Doc. 2). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## <u>The Complaint</u>

As an initial matter, the Court notes that Plaintiff has stated that he "has no previous litigation history." (Doc. 1, p. 3). A review of public records reveals, however, that Plaintiff does have a prior litigation history: he was a named Plaintiff in Case No. 96-cv-299-WDS (S.D. Ill. February 9, 2000); and he pursued a habeas action in the Northern District of Illinois, 07-cv-50111, which he later appealed to the Seventh Circuit, No. 08-1401. It appears that none of these cases was dismissed as frivolous, and that Plaintiff was not assessed a strike by any court. The Court declines to take up the matter of this discrepancy at this time, although it may see fit to do so later.

Prior to the events at issue here, Plaintiff had been incarcerated at Pontiac Correctional Center, an institution solely for inmates in protective custody ("P.C."). (Doc. 1, p. 3). Plaintiff

was transferred to Menard Correctional Center on February 19, 2016. (Doc. 1, p. 3). Plaintiff was initially housed on intake P.C. status, but was told that he would have to begin the process again if he wanted to stay on P.C. (Doc. 1, p. 3).

On February 22, 2016, Plaintiff met with Defendants Cowan and John Doe #2 and explained to them why he needed P.C. placement at Menard. (Doc. 1, p. 3-4). Plaintiff told Cowan and Doe #2 that he had saved the life of Counselor Farris in 1984, thus drawing the ire of the gang that attacked her. (Doc. 1, p. 4). He also explained that he had worked as an informant for the Alcohol, Tobacco, and Firearms Bureau when he was out on the street. (Doc. 1, p. 4). Plaintiff raised his various medical issues, including limited sight and hearing, chronic pain from an old gunshot wound, and Chronic Obstructive Pulmonary Disease. (Doc. 1, p. 4). Plaintiff believes that his medical issues make it impossible for him to physical defend himself if attacked. (Doc. 1, p. 4). Plaintiff also told Cowan and Doe #2 that the Black Souls gang had a hit on him and that another inmate, Spivey, a/k/a "Mississippi," had told Plaintiff that Plaintiff had not been forgotten by Spivey or the Black Souls gang. (Doc. 1, p. 4). Despite this information, Cowan and Doe #2 recommended that Plaintiff's request for protective custody be denied, and Kimberly Butler, the warden at Menard at the time, concurred in the denial. (Doc. 1, p. 4).

Plaintiff then appealed the issue to the Administrative Review Board ("ARB"). (Doc. 1, p. 4). On April 27, 2016, Plaintiff had a telephone conference with ARB chairperson Debbie Knaur. (Doc. 1, p. 5). Jason Rednour was also present, but he did not participate in the proceedings. (Doc. 1, p. 5). Plaintiff raised the same issues with Knaur that he had previously raised, including the incident with Farris and his work for the ATF Bureau. (Doc. 1, p. 5). The ARB denied Plaintiff's appeal the same day. (Doc. 1, p. 5).

Plaintiff was then transferred from P.C. to the North 2 cell house on 1 gallery at Menard. (Doc. 1, p. 5). Rednour worked on that gallery, and Plaintiff observed him talking to other officers and inmates about what Plaintiff had said during his telephone call with the ARB (Doc. 1, p. 5). Rednour specifically identified Plaintiff to staff and inmates as a stool pigeon and made fun of him because of his hearing difficulties. (Doc. 1, p. 6). As a result of these comments, other inmates have called Plaintiff a "P.C. bitch" and a "stool pigeon" and refused to let him use the telephone. (Doc. 1, p. 6).

On September 19, 2016, Plaintiff was permitted to sign back into P.C. (Doc. 1, p. 6). Plaintiff met with Cowan and Doe #2 again, and explained his new trouble with staff and inmates on North 2. (Doc. 1, p. 6). Once again, Plaintiff was denied P.C. by Cowan, Doe #2, and John Doe #1, the new warden of Menard. (Doc. 1, p. 6). Plaintiff has appealed to the ARB again, but that process is not yet complete. (Doc. 1, p. 6). Since arriving back in P.C., Plaintiff has been hassled by staff there because he writes too many grievances. (Doc. 1, p. 6-7).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count One:** **Cowan, Doe #2, Knaur, and Anderson failed to protect Plaintiff in violation of the Eighth Amendment from a threat of imminent harm when they denied him P.C.**

**Count Two:** **Rednour failed to protect Plaintiff when he called him a "stool pigeon" and spread Plaintiff's reasons for requesting protective custody to other guards and inmates.**

**Count Three:** **Doe #1 and Anderson violated Plaintiff's due process rights under the Fourteenth Amendment when they approved the recommendations of their subordinates without making an**

**individual determination regarding Plaintiff's protective custody.**

The Supreme Court has long held that "prison officials have a duty. . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order to state a failure to protect claim, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id*.; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Under Section 1983, a state official may be held liable if he "caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)); *see also Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). The official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citations omitted). However, a prison official who rules "against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a *completed act of misconduct* does not." *George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007) (emphasis added).

In this case, Plaintiff alleges that the denial of his request for protective custody places him in imminent danger of serious physical harm. He alleges that Defendants Doe #2, Cowan, Knaur, and Anderson are liable because they all either made a recommendation that his P.C. custody placement be denied or approved such a recommendation. Plaintiff further alleges that as a result of the denial and his subsequent placement in Rednour's area, he was subject to harassment from guards and inmates and denied the use of the telephone by other inmates. Although Plaintiff has not alleged that he suffered any physical harm, the Seventh Circuit has suggested that a heightened risk of future injury is a sufficient harm. *Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014). Given these allegations, Plaintiff will be allowed to proceed on **Count One** against Defendants Cowan, Doe #2, Knaur, and Anderson. Anderson and Doe #1 are also defendants for the purposes of Plaintiff's request for injunctive relief on this Count. Plaintiff's sole claim against Doe #1 is in his or her official capacity for the purposes of injunctive relief.

Turning now to **Count Two** against Defendant Rednour, a prison official's harassment of an inmate may become actionable where it involves a "credible threat to kill, or to inflict any other physical injury." *Dobbey v. Ill. Dep't of Corr.,* 574 F.3d 443, 446 (7th Cir. 2009). Allegations that a corrections officer has provoked or persuaded other inmates to cause harm to a plaintiff supports an inference that the officer attempted to inflict injury on the plaintiff in violation of the Eighth Amendment. *See Irving v. Dormire,* 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him[;]" guard told other inmates that plaintiff was a snitch).

Plaintiff alleges just this type of activity and further asserts that he experienced threats and harassment from other inmates as a result of Rednour spreading the information he learned when he supervised Plaintiff's call pass. Plaintiff has alleged that he observed Rednour actively spreading the information and that Rednour continued to mock and harass Plaintiff in his housing assignment. That is sufficient to make it plausible that Rednour spread rumors about Plaintiff with the intent of harming him. This claim will also be allowed to proceed.

Plaintiff also has attempted to state a due process claim in **Count Three** under the Fourteenth Amendment, but that claim fails. Plaintiff has alleged that Doe #1 and Anderson should have made independent decisions about Plaintiff's P.C. status instead of just following the recommendations of others. He interprets the language of 20 Ill. Admin. Code § 501.320 to compel this result because it cedes the power to make final decisions regarding protective custody to the warden at the institutional level and to the Director of the ARB in the case of an appeal. This regulation does not create a protected liberty interest in remaining in protected custody. *See Kellas v. Lane*, 923 F.2d 492 (7th Cir. 1990) (holding that Illinois prison regulations governing protective custody "do not create a due process claim of entitlement on the inmates' behalf"). *Id*. at 495. In this context, the regulation does not give rise to a liberty interest that is enforceable under the Constitution. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir. 1991). Language in the regulation requiring certain actors to make the final determination does not change this result. The expectation that certain procedures will be followed before action is taken simply does not create a liberty interest protected by the due process clause. *Olim*, 461 U.S. at 250-51; *Smith*, 946 F.2d at 1254; *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982). This claim will be dismissed with prejudice.

**Pending Motions**

Plaintiff's Motion for a Preliminary injunction will be referred to Magistrate Judge Wilkerson for a prompt disposition.

**Disposition**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Rednour, Cowan, Knaur, and Anderson:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 25, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**